NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0266n.06

No. 25-3700

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 15, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JANOS ROPER, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CITY OF CINCINNATI FIRE DEPARTMENT, | ) | SOUTHERN DISTRICT OF |
| Defendant-Appellee. | ) | OHIO |
| | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, NALBANDIAN, and HERMANDORFER, Circuit Judges.

KETHLEDGE, Circuit Judge. Janos Roper appeals the district court's grant of summary judgment to his employer, the Cincinnati Fire Department—which he says racially discriminated against him. We reject his arguments and affirm.

In 2019, Roper—a longtime Cincinnati firefighter—sat for a test to be promoted to district chief. During one typewritten section, Roper and several other candidates experienced a problem with the testing software, which upset the formatting of their answers. According to Roper, this problem cost him time during the test and was "very damaging" to his performance.

Roper reported the problem to one of the Department's human-resources employees, who relayed Roper's complaint to the company that had created the test. The company investigated and said the problem had been the result of user error. The company scored the test, however, without regard to any formatting errors. The Department then promoted candidates (or not) based

solely on their test scores. Roper's score placed him 16th among the candidates eligible for 11 vacant positions, so the Department did not promote him to district chief.

In 2022, Roper brought this suit in state court, claiming (as relevant here) that the Department had discriminated against him because of his race—both by subjecting him to different terms and conditions of employment during the test, and by failing to promote him. The Department removed the suit to federal court, and later moved for summary judgment. The district court granted the motion, holding that Roper had failed to make out a prima facie case of racial discrimination. This appeal followed.

We review the district court's grant of summary judgment de novo. *Sloat v. Hewlett-Packard Enter. Co.*, 18 F.4th 204, 209 (6th Cir. 2021).

Roper argues that the Department declined to promote him because of his race. For Roper to make out a prima facie case under Title VII, he must show (among other things) that the Department instead promoted someone who was similar to him in all relevant respects, except for race. *See Wheat v. Fifth Third Bank*, 785 F.3d 230, 238 (6th Cir. 2015). Roper concedes, however, that the Department simply promoted the top 11 scorers on the test—in "sequential order"—to fill all 11 of the open positions. Roper scored worse than everyone who was promoted, so he cannot show that they were like him in the sole respect that governed promotions. *See Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 814 (6th Cir. 2011).

Roper responds that his claim (in part) is that the test itself was defective, and so its results should not render him dissimilar to the promoted candidates. But Title VII provides a remedy for racial discrimination, not for defective tests. Here, the test results were undisputedly the sole criterion on which candidates were promoted; and the Department's application of that criterion was undisputedly race neutral. To make out a prima facie case of discrimination, therefore, Roper

must present evidence that the formatting problem (which he says impaired his test performance) was itself the result of racial discrimination. And Roper has developed no argument to that effect in the district court or this court. The district court was therefore correct to grant summary judgment to the Department.

The district court's judgment is affirmed.